Mr. Justice Thacher
delivered the opinion of the court.
This was error to the circuit court of Adams county.
The action was instituted under the statute regulating the method of bringing suit against the several parties to a promis *311 sory note or bill of exchange. The writ was executed upon a maker and an indorser, and another maker and indorser were returned not found.” The writ bore test the fourth Monday in November, 1840, was issued on the eleventh day of May, 1841, and made returnable to the fourth Monday in May, instant. A motion tvas made by the defendants, by their attorneys, to quash the writ for a wrong date in the return term, which was overruled by the court below. The action was dismissed as to the maker and indorser, who were returned not found, and a judgment by default and a writ of inquiry awarded against the defendants served with process. A jury was impaneled, who were sworn to try the issue, and who found for the plaintiffs.
The defect in the process was clearly amendable, but the writ having performed its office, it was therefore not necessary to amend the defect.
-Upon looking through the'entire record and comparing its various parts, we conceive that the appearance upon tne motion had reference only to the parties in court by the process. Its whole language compels such an interpretation.
-The action was dismissed as to a maker of. the note, and who was not served with process. It has been determined by this court, where any of the makers of a note are not joined as defendants, not to be necessary to allege that such are dead, or nonresidents of the state, as a reason for the nonjoinder. 3 How. R. 78. Upon the return of non est inventus as to any such maker, by an obvious parity of reasoning, it is not error to dismiss the action as to him, because of the presumption thus created of his nonresidence, although it would be competent for the other defendants to rebut that presumption by proof of the contrary.
This court has held it to be error to impanel a jury to pass upon an issue, when in fact there is no issue for its determination. 6 How. R. 103. Joseph McAdams v. Mary A. Massey, January term, 1844. There was no issue before the jury in this case, but there was no occasion to have submitted any. The action was founded upon an instrument in writing, as *312 certaining the sum due, and the judgment should have been final on the last day of the term. H. & H. 616, sec. 9.
The judgment must therefore be reversed, and tins court, giving the judgment which the court below should have given, orders that judgment be entered up against the defendants for the amount of the promissory note sued upon, with interest from the date of the maturity thereof, &c.